Dear Mr. Wyatt:
You question whether a member of the Board of Trustees of the Municipal Police Employees' Retirement System is eligible to continue to serve. We quote the following facts from your recent correspondence:
 An active chief of police is elected to a chief's position on the board of trustees. The term of office is five years. After serving on the board for a period of time, and during his term on the board of trustees, the active chief enters the DROP. After participating in the DROP for a period of time, the chief retires from his position with the police department. This occurs during his term of office on the board. There is more than three years remaining in his term of office.
You ask, "may this former chief of police complete his term of office on the board of trustees?" Our response to your question is in the negative.
R.S. 11:2225 creates the board of trustees for the system and pertinently states:
 (2)(a) The board shall consist of eleven trustees as follows: Seven members, three of whom shall not be chiefs of police but shall be active contributing members of the system with ten or more years of creditable service, and four of whom shall be active contributing chiefs of police . . .
The statute provides for eleven elected members on the board of trustees. Four of the trustees must be active contributing chiefs. The remaining seven trustees must be active contributing members of the retirement system, who also "shall not be chiefs of police."
The chief of police under consideration (who is now retired) was originally elected to the board pursuant to R.S. 11:2225(2)(c)(i):
 (i) Two members who are chiefs of police shall be elected to the board of trustees for a term of five years beginning July 1, 1988 from a district to be called Chiefs District I, which shall be composed of the parishes of Acadia, Allen, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, DeSoto, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jefferson Davis, Lafourche, LaSalle, Lincoln, Madison, Morehouse, Natchitoches, Ouachtia, Pointe Coupee, Rapides, Red River, Richland, Sabine, St. James, St. Landry, St. Martin, St. Mary, Tensas, Terrebonne, Union, Vermilion, Vernon, Webster, West Carroll, West Feliciana, and Winn.
A vacancy in office occurs whenever "the loss of status or qualifications that are prerequisite to a person's election renders him ineligible to continue to serve." See Attorney General Opinions 97-124 and 86-598, copies attached. We conclude that because the chief of police has retired, he no longer meets the statutory requirement that he be an active chief of police as dictated by R.S. 11:2225. Thus, he is ineligible to continue serving on the board of trustees.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 86-598
September 9, 1986
54 . . . INSURANCE 109 . . . STATE — EMPLOYEES DEPARTMENTS
Loss of status or qualifications render members ineligible to continue to serve on Board of Trustees of State Employees' Group Benefit Program.
R.S. 42:872A(4)
Honorable John C. Ensminger State Representative P.O. Box 2223 Monroe, Louisiana 71207
Dear Representative Ensminger:
You have requested an opinion of the Attorney General's Office relative to the membership of the Board of Trustees of the State Employees Group Benefit Program (Board). You have asked whether a person elected to represent plan participants from the elementary at a state university, and a person who was elected to represent participants from an institution of higher learning, who has retired, may both continue to be members of the Board.
The loss of status or qualifications that are prerequisite to a person's election renders him ineligible to continue to serve. Therefore, the remaining membership of the board should meet, declare a vacancy, and to proceed to fill the vacancies with persons who are possessed of the proper qualifications (See: R.S. 42:872; Williamson v. Village of Baskin,
(La.App. 1976) 339 So.2d 474)
The same result is reached in the case of an employee member who was elected to represent minorities. Because that person has retired he is no longer a "state employee" as required by R.S. 42:872 A(4) and is therefore ineligible to continue serving on the board.
Very truly yours,
 WILLIAM J. GUSTE, JUR. Attorney General
 By _________________________ KENNETH C. DeJEAN Chief Counsel
KCD:rmc
OPINION NUMBER 97-124
APRIL 9, 1997
109 — State — Employees Departments 54 — Insurance R.S. 42:872
An employee elected to the Board of the State Employee Group Benefit Program who retires becomes ineligible to continue to serve as a representative of that Department.
Roger W. Harris, Esq. General Counsel Office of Legislative Auditor P.O. Box 94397 Baton Rouge, LA 70804-9397
Dear Mr. Harris:
This office is in receipt of your request for an opinion of the Attorney General in regard to eligibility of a member of the Board of Trustees of the State Employees Group Benefit Program to retain that position upon the retirement of that Board member who was elected pursuant to R.S. 42:872
(A)(5)(b).
Title 42 is "Public Officers Employees" and Part IV of Chapter 12, "Group Insurance", is "State Employees Group Benefits Program". Therein R.S. 42:871 creates the Board of Trustees of the State Employees Group Benefits Program within the Department of the Treasury. R.S. 42:872
provides in paragraph "A" the Board shall be composed of thirteen members, and of the thirteen, section (5) provides as follows:
 (a) Seven members who shall be participants in the insurance program, and who, following initial selection as provided in Subsection C hereof, shall be elected by the state employees who are participants in the program.
 (b) Three of these members shall be elected, one each, from the following, namely, the Department of Transportation and Development, the Department of Health and Hospitals or the Department of Social Services, and the division of administration, office of the governor.
 (c) In addition, one employee member shall be elected from the personnel of the public institutions in higher education in the state, one employee member shall be elected from the teacher and other personnel of the elementary and secondary education system of the state, one employee member shall be elected at large from all other employee participants in the program, and one member, a retiree employee who participated in the insurance program, shall be elected by all retired employees who participate in the program.
You indicate that Mr. Louis Amedee was elected to the Board in September 1995 to serve a four year term as a representative of the Division of Administration pursuant to R.S. 42:872 (A)(5)(b), and he retired from his job at the Division of Administration on August 1, 1996 but retained his membership on the Board and was reelected as Chairman in September, 1996, which was nearly six weeks after his retirement from state service.
You feel the law does not expressly prohibit him from continuing to serve as a Board member nor is there a statute or rule which defines "vacancy" for Group Benefits' Board members, noting that a rule which would have exempted Board members from the application of a vacancy when he no longer meets the qualifications required for his initial election was rejected by the Subcommittee on Oversight of the House Committee on Appropriations.
Accordingly, the Legislative Auditor requests an opinion "as to whether the retirement of a Board member elected pursuant to R.S. 42:872
(A)(5)(b) renders that Board member ineligible to serve the remaining term on the Board.
We agree with your conclusion that while the board member in question met the qualifications necessary to be a member of the Board when elected by his participation in the insurance program and an employee of the division of administration, the law does not specifically state that the position will become vacant if the elected member is no longer a member of the division from which he was elected. However, we believe the intent of the provision is that an elected member of the Board would have to continue to have the qualifications required at the time of the election to remain on the Board.
To conclude that a Board member did not have to maintain the qualifications necessary to be elected to remain on the Board but could remain if retired would mean there would be two retirees on the Board inasmuch as Paragraph (c) includes the election of a retiree by all retired employees to the Board. We do not find this would satisfy the intent of Legislature in requiring the Board members be employees in various designated divisions of state government that they represent and one retiree.
Moreover, we find this consistent with the reasoning of Atty. Gen. Op. No. 86-598 which provided "the loss of status or qualifications that are prerequisite to a person's election renders him ineligible to continue to serve".
We find the ineligibility creates a vacancy, and, in accordance with Paragraph E of R.S. 42:872, the Board shall fill the vacancy by appointment for the unexpired portion of the term, but when the unexpired portion of the term is more than two years, the appointment shall be until a successor is elected to fill the unexpired portion of the term.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR